UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ALEJANDRO PAZ,<br><br>   Petitioner,<br><br>   v.<br><br>STU SHERMAN, Warden,<br><br>   Respondent. | Case No.: 1:20-cv-00177-NONE-JLT (HC)<br><br>FINDINGS AND RECOMMENDATION TO GRANT RESPONDENT'S MOTION TO DISMISS<br><br>(Doc. 7)<br><br>[THIRTY DAY OBJECTION DEADLINE] |

On February 3, 2020, Petitioner filed the instant federal petition for writ of habeas corpus. (Doc. 1.) The Respondent has moved the Court to dismiss the action because adjudication of Petitioner's claim would be premature. (Doc. 7.) The Court finds that it should abstain from interfering in state proceedings pursuant to Younger v. Harris, 401 U.S. 37 (1971), and will therefore recommend the petition be dismissed without prejudice.

**DISCUSSION**

A.   Preliminary Review of Petition

Rule 4 of the Rules Governing Section 2254 Cases allows a district court to dismiss a petition if it "plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court . . . ." Rule 4 of the Rules Governing Section 2254 Cases.  The Advisory Committee Notes to Rule 8 indicate that the court may dismiss a petition for writ of habeas corpus, either on its own motion under Rule 4, pursuant to the respondent's motion to dismiss, or after an

1

answer to the petition has been filed. Herbst v. Cook, 260 F.3d 1039 (9th Cir. 2001).

B.     Background

Petitioner was convicted in Fresno County Superior Court of voluntary manslaughter and four counts of assault with a deadly weapon. A number of sentencing enhancement allegations were found true. On March 17, 2016, Petitioner was sentenced to a determinate state prison term of thirty-eight years and four months. (Doc. 9-1.) Petitioner appealed the judgment.

On August 9, 2018, the California Court of Appeals remanded the matter to the trial court to determine whether Petitioner was afforded an adequate opportunity to make a record of information that will be relevant to his eventual youth offender parole eligibility hearing and, if not, to allow him and the People an adequate opportunity to make such a record. The matter was also remanded to allow the court to exercise its discretion under Senate Bill 620 to strike Petitioner's firearm enhancements (Cal. Penal Code §§ 12022.5, 12022.53). (Doc. 9-2.) Review was denied by the California Supreme Court on October 31, 2018. (Docs. 9-3, 9-4.)

The issue of the remand is still pending in the trial court. (Doc. 9-5.) Petitioner filed his federal habeas petition on February 3, 2020. (Doc. 1.) On April 14, 2020, Respondent filed a motion to dismiss the action because adjudication of Petitioner's claim would be premature. (Doc. 7.)

C.     Younger Abstention

Under principles of comity and federalism, a federal court should not interfere with ongoing state criminal proceedings by granting injunctive or declaratory relief except under special circumstances. Younger v. Harris, 401 U.S. 37, 43-54 (1971). Younger abstention is required when: (1) state proceedings, judicial in nature, are pending; (2) the state proceedings involve important state interests; and (3) the state proceedings afford adequate opportunity to raise the constitutional issue. Middlesex County Ethics Comm. v. Garden State Bar Ass'n, 457 U.S. 423, 432 (1982); Dubinka v. Judges of the Superior Court, 23 F.3d 218, 223 (9th Cir. 1994). The rationale of Younger applies throughout the appellate proceedings, requiring that state appellate review of a state court judgment be exhausted before federal court intervention is permitted. Dubinka, 23 F.3d at 223 (even if criminal trials were completed at time of abstention decision, state court proceedings still considered pending).

The law of habeas corpus also provides guidance on when a district court should abstain from

review of a claim. In order to be granted federal habeas corpus relief, the petition must have exhausted his available state remedies. 28 U.S.C. § 2254(b). The rule of exhaustion is based on comity to the state court and gives the state court the initial opportunity to correct the state's alleged constitutional deprivations. Coleman v. Thompson, 501 U.S. 722, 731 (1991). The exhaustion requirement can be satisfied by providing the highest state court with a full and fair opportunity to consider each claim before presenting it to the federal court. Picard v. Connor, 404 U.S. 270, 276 (1971)

In the instant case, state proceedings are ongoing. The trial court has not yet exercised its resentencing discretion following remand. California has an important interest in passing upon and correcting violations of a defendant's rights. Roberts v. Dicarlo, 296 F.Supp.2d 1182, 1185 (C.D. Cal. 2002) (citing Koerner v. Grigas, 328 F.3d 1039, 1046 (9th Cir. 2003)). The state courts are adequate forums for Petitioner to seek relief for his claims and he has not availed himself of those avenues for relief. Roberts, 296 F.Supp.2d at 1185. Therefore, the Court recommends abstaining from interfering in state proceedings pursuant to Younger. The petition should be dismissed without prejudice.

## RECOMMENDATION

Accordingly, the Court RECOMMENDS that Respondent's motion to dismiss be GRANTED and the petition be DISMISSED WITHOUT PREJUDICE.

This Findings and Recommendation is submitted to the United States District Court Judge assigned to this case, pursuant to the provisions of 28 U.S.C. § 636 (b)(1)(B) and Rule 304 of the Local Rules of Practice for the United States District Court, Eastern District of California. Within thirty days after being served with a copy, Petitioner may file written objections with the Court. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendation." The Court will then review the Magistrate Judge's ruling pursuant to 28 U.S.C. § 636 (b)(1)(C).

///
///
///

Failure to file objections within the specified time may waive the right to appeal the District Court's order.  Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

IT IS SO ORDERED.

Dated: __**June 28, 2020**__               _____/s/ Jennifer L. Thurston____
                                                    UNITED STATES MAGISTRATE JUDGE